Paul V. Morris and Josephine F. Morris, Husband and Wife v. Commissioner.
Morris v. Commissioner
Docket No. 49927.
United States Tax Court
T.C. Memo 1955-21; 1955 Tax Ct. Memo LEXIS 320; 14 T.C.M. (CCH) 76; T.C.M. (RIA) 55021; January 28, 1955
*320 Held, certain property sold by petitioner in the taxable year constituted capital assets and was not held for sale primarily to customers in the ordinary course of his trade or business. Charles W. Slicer, Esq., Gas & Electric Building, Dayton, Ohio, for the petitioners. Thomas B. Moore, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined a deficiency of $1,061.52 in petitioners' income tax liability for the year 1950 consequent on his holding that petitioners erroneously computed the tax on the profit earned on the sale of certain building lots as capital gain rather than as ordinary gain. Findings of Fact Petitioners are husband and wife who lived in Dayton, Ohio, and filed their returns at Cincinnati, Ohio. Paul V. Morris (hereinafter referred to as petitioner) was a building contractor. His customary method of operation was to buy the land, improve it if necessary, construct a house thereon and sell the house and lot as such. In 1949 petitioner had a block of 14 lots adjacent to and formerly part of a larger tract. This block of 14 lots was the last of the tract. The 14 lots had been surveyed, given *321 lot numbers, and the numbers recorded in the Office of the Recorder of Greene County, Ohio. The lot corners were marked by stakes. The lots were entirely unimproved and had neither streets nor sidewalks, curbs, sewers, water mains or any other utilities. On March 7, 1949, petitioner entered into a contract with Hupp and Roehner, Inc. for the sale of the 14 lots. The contract provided for a total payment of $14,500, payable $1,035.71 at the time of completion and sale of the first house to be erected by the vendee, and a similar amount as each house was completed and sold. The total of $14,500 was to be paid by March 7, 1950. In the event of nonpayment for such lots by that date, the vendee had the option of reconveying the same to vendor. Petitioner did not solicit the sale of the lots and was reluctant to sell when the buyers approached him. No For Sale signs were erected on the property and the lots were never listed with any agent or advertised for sale. Petitioner had no license as a real estate agent or as a real estate broker. The 14 lots were not held for sale primarily to customers in the ordinary course of petitioner's business. They constituted capital assets in petitioner's *322 hands. Opinion VAN FOSSAN, Judge: The solution of the problem here posed depends entirely on the facts. A number of recognized tests have been adopted by the courts for such determinations. Among the matters to be inquired into are the taxpayers' purpose in acquiring and disposing of the property; the continuity of sales activity; the number, substantiality and frequency of the sales; and the owner's activity in developing the property and his efforts to sell. No one fact is conclusive. Applying the above and other pertinent tests to this case, we have come to the conclusion last stated above in our findings of fact. This finding is dispositive of the case and requires no amplification. Decision will be entered for the petitioners.